IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM IP, INC. and MILLENNIUM MEDIA, INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　Defendants. | Case No.: 1:17-cv-8201 |

**COMPLAINT**

　　　Plaintiffs, Millennium IP, Inc. and Millennium Media, Inc., by their undersigned counsel, hereby complain of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for their Complaint hereby allege as follows:

**INTRODUCTION**

　　　1.　　This action has been filed by Plaintiffs to combat online trademark and copyright infringers who trade upon Plaintiffs' reputation and goodwill and valuable trademark and copyrights by selling and/or offering for sale products in connection with Plaintiffs' famous motion picture, "The Expendables." Given the success of the first film, subsequent films such as "The Expendables 2" and "The Expendables 3" were made. In addition, the defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of the Expendable films, hereinafter referred to as the "Expendables Products." The tremendous notoriety and worldwide recognition of the EXPENDABLES trademark is due in part to the casts of the films which have included famous actors such as Sylvester Stallone, Jason Statham, Arnold Schwarzenegger, Mel Gibson, Harrison Ford, Wesley Snipes, Dolph Lundgren, Bruce Willis and

Antonio Banderas among many others. The Expendables Films, all of which have been produced under the Millennium Films label of Millennium IP, Inc. and Millennium Media, Inc., have generated worldwide box office revenues in excess of $500 million:



http://www.millenniumfilms.com/Company.aspx

2. Plaintiffs are the owners of the United States Copyright Registrations that cover the "Expendables" motion pictures. The Registrations are valid, subsisting and in full force and effect. True and correct copies of the Registrations are attached hereto as Exhibit 1.

3. In an effort to illegally profit from the creative content of the Expendable Films and the trademark EXPENDABLES, Defendants have created numerous Defendant Internet Stores and design them to appear to be selling authorized Expendables Products.

4. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction,

2

occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiffs are forced to file this action to combat Defendants' infringement. Plaintiffs have been and continue to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content and tarnishment of the valuable trademark and copyright as a result of Defendants' actions and seek injunctive and monetary relief.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents

by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing versions of Plaintiffs' trademark and copyright. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products that infringe Plaintiffs' trademark and registered copyright. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## THE PLAINTIFFS

8. Plaintiffs, Millennium IP, Inc. and Millennium Media, Inc., are the owners of the Copyright Registrations that protect the creative content of the Expendable films. Total production and advertising budgets for the Expendable Films exceeds $250 million.

## THE DEFENDANTS

9. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Expendables Products to consumers within the United States, including Illinois and in this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

10. The success of the Expendable Films has resulted in significant copying of the creative content protected by the films' copyrights and infringement of the trademark EXPENDABLES. Plaintiffs have identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as eBay, Amazon, iOffer and Aliexpress, including the Defendant Internet Stores, which were offering for sale, selling, and importing illegal Expendables Products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2013 was over $1.74 billion, up from $1.26 billion in 2012. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

11. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Expendables Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such unauthorized sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come

to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Plaintiffs have not licensed or authorized Defendants to use the EXPENDABLES trademark and products derived from the copyrighted films.

12. Upon information and belief, Defendants also deceive unknowing consumers by using the EXPENDABLES trademark without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Expendables Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Expendables Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiffs also seek to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell unauthorized products.

13. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A of the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their

identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

14. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, many of the unauthorized Expendable Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

15. Further, illegal operators such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of any enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore operators regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

16. Defendants, without any authorization or license, have knowingly and willfully infringed the EXPENDABLES trademark and copyright in connection with the advertisement,

distribution, offering for sale, and sale of illegal products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell infringing products into the United States, including Illinois.

17. Defendants' use of the EXPENDABLES trademark in connection with the advertising, distribution, offering for sale, and sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

## COUNT I
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

18. Plaintiffs repeat and incorporate by reference herein the allegations contained in the above paragraphs of this Complaint.

19. Defendants' promotion, marketing, offering for sale, and sale of infringing Expendables Products has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' infringing products by Plaintiffs.

20. By using the EXPENDABLES trademark in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

21. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

22. Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

23. Plaintiffs repeat and incorporate by reference herein the allegations contained in the above paragraphs of this Complaint.

24. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their unauthorized products as those of Plaintiffs, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine products, representing that their products have Plaintiffs' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

25. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

26. Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT III
## COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and incorporate by reference herein the allegations contained in the above paragraphs of this Complaint.

28. The Expendable Films have significant value and have been produced and created at considerable expense.

29. At all relevant times, Plaintiffs have been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted Expendables Films, including derivative works. The Expendables Films are the subject of valid Certificate of Copyright Registrations issued by the Register of Copyrights. (Exhibit 1).

30. The copyrighted films includes a copyright notice advising the viewer that the motion picture is protected by the Copyright Laws.

31. Each Defendant, without the permission or consent of the Plaintiffs, has, and continues to sell online infringing derivative works of the copyrighted Expendables Films. Each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

32. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiffs.

33. As a result of each Defendant's infringement of Plaintiffs' exclusive rights under copyrights, Plaintiffs are entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

34. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from

further infringing Plaintiffs' copyright and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the EXPENDABLES trademark or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Expendables Product or is not authorized by Plaintiffs to be sold in connection with the EXPENDABLES trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the EXPENDABLES trademark;

   d. further infringing the EXPENDABLES trademark and damaging Plaintiffs' goodwill;

   e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiffs to be sold or offered for sale, and which bear the EXPENDABLES trademark or which are derived from Plaintiffs' copyright in the Expendables Films;

   f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain

name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiffs which bear the EXPENDABLES trademark or which are derived from Plaintiffs' copyright in the Expendables Films;

g. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale products or inventory not authorized by Plaintiffs which bear the EXPENDABLES trademark or which are derived from Plaintiffs' copyright in the Expendables Films;

2) Entry of an Order that, at Plaintiffs' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

3) Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as eBay, Amazon, iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiffs which bear the EXPENDABLES trademark or which are derived from Plaintiffs' copyright in the Expendables Films, including any accounts associated with the Defendants listed on Schedule A;

h. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiffs which bear the EXPENDABLES trademark or which are derived from Plaintiffs' copyright in the Expendables Films; and

i. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and

4) That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) For Judgment in favor of Plaintiffs against Defendants that they have: a) willfully infringed Plaintiffs' rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiffs by Defendants' acts and conduct set forth in this Complaint;

6) For Judgment in favor of Plaintiffs against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiffs, in an amount to be determined at trial;

7) That Plaintiffs be awarded their reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

DATED: November 13, 2017                 Respectfully submitted,

                                                         */s/ Keith A. Vogt*
                                                         Keith A. Vogt, Esq. (Bar No. 6207971)
                                                         1033 South Blvd., Suite 200
                                                         Oak Park, Illinois 60302
                                                         Telephone: 708-203-4787
                                                         E-mail: keith@vogtip.com

                                                         ***ATTORNEY FOR PLAINTIFFS***