**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MILLENNIUM IP, INC. and MILLENNIUM MEDIA, INC.,

     Plaintiffs,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:17-cv-8201

Judge Harry D. Leinenweber

Magistrate Judge Jeffrey T. Gilbert

**FINAL JUDGMENT ORDER**

This action having been commenced by MILLENNIUM IP, INC. and MILLENNIUM MEDIA, INC. ("Millennium" or "Plaintiffs") against the defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiffs having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiffs, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

Plaintiffs having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Millennium's trademark and copyright which is protected by U.S. Copyright Registration Nos. PA-1-703-039; PA-1-810-290 and PAu-3-734-299 (the "EXPENDABLES").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 504), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1.  Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a.  using the EXPENDABLES Trademark and Copyright or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiffs Product or not authorized by Plaintiffs to be sold in connection with the EXPENDABLES Trademark and Copyright;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under the EXPENDABLES Trademark and Copyright;

c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.  further infringing the EXPENDABLES Trademark and Copyright and damaging Plaintiffs' goodwill;

e.  otherwise competing unfairly with Plaintiffs in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of the EXPENDABLES Trademark and Copyright or any reproductions, counterfeit copies or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means

3

by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the EXPENDABLES Trademark and Copyright or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiffs Product or not authorized by Plaintiffs to be sold in connection with the EXPENDABLES Trademark and Copyright.

2.  The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at Plaintiffs' choosing:

a.  permanently transfer the Defendant Domain Names to Plaintiffs' control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection; or

b.  cancel the registrations for the Defendant Domain Names and make them inactive.

3.  Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as

Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the EXPENDABLES Trademark and Copyright, including any accounts associated with the Defaulting Defendants listed on First Amended Schedule A attached hereto;

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the EXPENDABLES Trademark and Copyright; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified on First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for the willful infringement of Plaintiffs' copyright which is protected by U.S. Copyright Registration Nos. PA-1-703-039; PA-1-810-290 and PAu-3-734-299.

5. Western Union shall, within two (2) business days of receipt of this Order, permanently block any Western Union money transfers and funds from being received by the Defaulting Defendants identified on First Amended Schedule A.

6. Amazon Payments, Inc. and PayPal, Inc. ("Amazon and PayPal") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified on First

Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7.     All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon and PayPal, are hereby released to Plaintiffs as partial payment of the above-identified damages, and Amazon and PayPal is ordered to release to Plaintiffs the amounts from Defaulting Defendants' Amazon and PayPal accounts within ten (10) business days of receipt of this Order.

8.     Until Plaintiffs have recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on Amazon and PayPal in the event that any new Amazon and PayPal accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, Amazon and PayPal shall within two (2) business days:

   a.  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon and PayPal accounts;

   b.  Restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c.  Release all monies restrained in Defaulting Defendants' Amazon and PayPal accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9.     Until Plaintiffs have recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by

6

Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. In the event that Plaintiffs identify any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiffs may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Trevor Short and any e-mail addresses provided for Defaulting Defendants by third parties.

11. The ten thousand-dollar ($10,000) cash bond posted by Plaintiffs, including any interest minus the registry fee, is hereby released to Plaintiffs or its counsel, Keith A. Vogt. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Plaintiffs or its counsel by check made out to the Keith A. Vogt IOLTA account.

This is a Final Judgment.

Dated: January 23, 2018

_____

The Honorable Harry D. Leinenweber
United States District Court Judge

7

## FIRST AMENDED SCHEDULE A

| No. | Defendants (Vendor Name) |
|---|---|
| 1 | 0 profit audience 包邮 |
| 2 | 1995openyoureyes1995 |
| 3 | A Boy's Store |
| 4 | aldiyanto290's booth |
| 5 | angel bola occident jewelry Store |
| 6 | angel898 |
| 7 | Arliando's booth |
| 8 | Art Deco Store |
| 9 | Art Decoration Factory Outlet Store |
| 10 | au2014.yukye |
| 11 | Beyaly Jewelry (Shenzhen) Limited |
| 12 | Chan of the decorative |
| 13 | cn-seller-01 |
| 14 | Cos on fire |
| 15 | Design decals for Game Consoles |
| 16 | Dongguan Beauty Crafts Co., Ltd. |
| 17 | Dongguan Donglin Jewelry Co., Ltd. |
| 18 | Dongguan Jewelrylee Metal Crafts Co., Ltd. |
| 19 | Dongguan Kaimei Jewelry Co., Limited |
|  |  |
| 22 | Dongguan Original Dream Jewelry Co., Ltd. |
| 23 | Dongguan Xuwen Jewelry Co., Ltd. |
| 24 | Dongguan Yin Yun Metal Crafts Co., Ltd. |
| 25 | Dream of jewelry |
| 26 | E impression T-shirt mug |
| 27 | elegantlady2014 |
| 28 | Erizt |
| 29 | EVBEA Skull Jewelry Directly-Operated Store |
| 30 | Fuzhou collection of cultural life |
| 31 | Fuzhou Firstmadam Jewelry (Ponerine Global) Trade Co., Ltd. |
| 32 | Godspeed Everyone |
|  |  |
| 34 | green_shirt's booth |
|  |  |
| 36 | Guangzhou King Jewelry Trading Company Ltd. |
| 37 | Half Moon Jewelry |

| | |
|---|---|
| 39 | happystore_china |
| | |
| 41 | HSIC Store Factory (EXP) |
| 42 | Illustrator service platform |
| 43 | InHousePrinting |
| 44 | jayghoulwu |
| 45 | lluvia Factory Store |
| | |
| | |
| 48 | MS JEWELS |
| 49 | Ningbo Huize Trading |
| 50 | owoer |
| 51 | Professional fashion customization |
| 52 | ritaganiarsih's booth |
| | |
| | |
| 55 | Shanghai Jietao Trade Co., Ltd. |
| 56 | Shanyong Jewelry Co.,Ltd |
| 57 | Shenzhen Truegold Jewelry Co., Ltd. |
| | |
| 59 | Stylejewelrys |
| 60 | Take pipe boy Store |
| 61 | tomorrowaa |
| | |
| 63 | tryt |
| 64 | U [3302727919] |
| 65 | Usdream(EXP) |
| 66 | Yichun City Dongsheng Jewelry Co., Ltd. |
| 67 | Yiwu City Evbea E-Commerce Firm |
| 68 | Yiwu Guno Jewelry Co., Ltd. |
| 69 | Yiwu JOFO Jewelry Co., Ltd. (EXP) |
| 70 | Yiwu Lordon Jewelry Co., Ltd. |
| | |
| 72 | Yiwu Tryme Jewelry Factory (EXP) |
| 73 | Yiwu Zhuofang Jewelry Co., Ltd. |
| 74 | Your Exclusive Jewelry Mall / Somen Jewelry Store |
| 75 | yufen2009abc |
| 76 | ZYBox |
| 77 | 7eavenshop |
| 78 | Accessories4Life |

| 79 | Arlene Mitchell |
|---|---|
| 80 | BDposters |
| 81 | bigscreenmovieposters (EXP) |
| 82 | Dancing Zone (EXP) |
| 83 | DAVE LOIV |
| 84 | David Nuwayhid |
| 85 | DC TRADE (EXP) |
| 86 | delatcha |
| 87 | Diane Gow |
| 88 | Fashion Ahead |
| 89 | Fronit |
| 90 | GESE |
| 91 | Gool T Shirts |
| 92 | Great Tees Co |
| 93 | HoneWeCord |
| 94 | Imaginus-Posters |
| 95 | Janeyer |
| 96 | Jiang Su Tong Da Yi Liao Qi Xie You Xian Gong Si |
| 97 | JINTONGMY |
| 98 | Karen Jackson Poo |
| 99 | KDTMK |
| 100 | Layger (EXP) |
| 101 | LORENE STA |
| 102 | LORI GRE |
| 103 | LovDashUS |
| 104 | Love L |
| 105 | Lucy Leea |
| 106 | Marie Loc |
| 107 | Marie Sto Shop |
| 108 | Mas Tazas |
| 109 | Michael Monte |
| 110 | Poster777 |
| 111 | Pu xiangdong |
| 112 | Queenie Shane Bright |
| 113 | Schicarpenter |
| 114 | Steve J.L. |
| 115 | Super jd |
| 116 | Tdpep |
| 117 | Thongdshop |
| 118 | Travon Williams |
| 119 | True MEN (EXP) |

10

| 120 | Truman Gallup |
| 121 | uisdbnvh |
| 122 | Underone |
| 123 | USbazar |
| 124 | wengjinhong |
| 125 | Z-Bert |